

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM A. EPPS, et al.                                                PLAINTIFFS

v.                          NO. 4:01-CV-00764 JMM

STEWART INFORMATION SERVICES CORP.                    DEFENDANT

### BRIEF IN SUPPORT
### DEFENDANT'S MOTION TO DISMISS

#### INTRODUCTION

The plaintiffs, William A. Epps and Leslie A. Epps, filed a complaint in this district against Stewart Information Services Corporation ("SISCo"), a Delaware holding company, which has one office, located in Houston, Texas. Alleging that SISCo "or one of its subsidiaries" violated the Real Estate Settlement Practices Act (RESPA), the plaintiffs seek to hale SISCo into this Court by virtue of alleged misconduct in the State of Arkansas by a company called Stewart Title of Arkansas, Inc. SISCo, which does not have "minimum contacts" with the State of Arkansas, moves to dismiss the complaint for lack of personal jurisdiction. Even if this Court decides to exercise personal jurisdiction over SISCo, the Epps's have failed to allege facts for which relief can be granted against SISCo under RESPA, and SISCo moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### Procedure and Burden of Proof on SISCo's 12(b)(2) Motion

If a Court has no jurisdiction over a defendant, SISCo has an unqualified right to have an order entered granting its motion to dismiss. *Read v. Ulmer*, 308 F.2d 915 (5th Cir. 1962). *See also* Fed. R. Civ. P. 12(b)(2). A federal court does not obtain personal jurisdiction over a defendant unless SISCo has some nexus with the state in which that court sits. *McGarr v. Hayford*, 52 F.R.D.

219 (S.D.Cal. 1971). In this case, the defendant, SISCo, has no nexus with Arkansas, this Court has no personal jurisdiction over it, and the plaintiffs' claim must therefore be dismissed.

When a defendant raises a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff must respond with proof; the plaintiff must "com[e] forward with a set of facts sufficient to create a prima facie case of jurisdiction." *TJS Brokerage & Co., Inc. v. Mahoney*, 940 F. Supp. 784, 787 (E.D. Pa. 1996). Conclusory jurisdictional statements will not suffice. *Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54 (D.D.C. 1996). The court can receive and consider affidavits and other documentary evidence. *Intermatic, Inc. v. Taymac Corp.*, 815 F. Supp. 290 (S.D. Ind. 1993). But the plaintiff must ultimately establish by preponderance of the evidence that the district court has personal jurisdiction over a defendant. *Hoover v. Recreation Equipment Corp.*, 792 F. Supp. 1484 (N.D. Ohio 1991).

The Plaintiffs Allege an Insufficient Basis for this Court's Personal Jurisdiction Over SISCo

Alleged Ownership of an Arkansas Subsidiary

To date, the Epps have offered little other than an allegation that SISCo owns a subsidiary that "solicits business in this District and provided services to consumers in this District." Epps Compl. ¶ 8. In fact, this allegation is not true. Although the plaintiffs allege that SISCo owns a subsidiary in this State named "Stewart Title of Arkansas, Inc.," SISCo's Exhibit A to its Motion to Dismiss establishes that there is no Arkansas corporation called "Stewart Title of Arkansas, Inc.," although there is a "Stewart Title Company of Arkansas, Inc.," which is owned by Stewart Title Company, a Texas Business Corporation. SISCo does not own any stock of Stewart Title Company of Arkansas, Inc.

Even if Stewart Title Company of Arkansas, Inc., were owned by SISCo, mere ownership of a subsidiary alone is insufficient to establish personal jurisdiction. *Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.*, 26 F. Supp.2d 593 (S.D.N.Y. 1998).

> Mere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent. *See Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972); *Sone v. Tsumura*, 222 A.D.2d 231, 634 N.Y.S.2d 689 (1st Dep't 1995) ("[n]or is there any basis for claims against [the parent company,] as plaintiff has merely demonstrated that a parent-subsidiary relationship exists"); *Porter v. LSB Indus., Inc.*, 192 A.D.2d 205, 600 N.Y.S.2d 867 (4th Dep't 1993) ("A finding of agency for jurisdictional purposes will not be inferred from the mere existence of a parent-subsidiary relationship").

26 F. Supp.2d at 604.

### Alleged RESPA Violation (Federal Question)

In further support of their claim to personal jurisdiction over SISCo in this district, the Epps's add that the settlement of their federally related mortgage loan occurred in Arkansas; they thus suggest that the venue provisions of the Real Estate Settlement Practices Act (RESPA) establish this Court's personal jurisdiction over SISCo. Epps Compl. ¶ 9. But the alleged existence of a federal question alone does not establish personal jurisdiction in any district in which a federal question arises. Federal courts must determine questions of personal jurisdiction in accordance with laws of the state in which they sit, in federal question as well as diversity cases. *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F. Supp. 886 (D.C.N.Y. 1974). Like the plaintiffs in *Honda Associates*, the Epps's apparently assume that the general venue language in RESPA suffices to establish personal jurisdiction over SISCo. It does not.

Personal jurisdiction over a non-resident defendant in a federal question case is determined by reference to the law of the state in which the court sits, unless otherwise provided by federal law. *Gardner v. Clark*, 101 F. Supp.2d 468 (N.D. Miss. 2000). For example, some federal laws, such as Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, create what are essentially "national" contacts (as opposed to state-specific "minimal" contacts) by providing for nationwide service of process. *Brightway Adolescent Hosp. v. Hawaii Management Alliance Ass'n*, 139 F. Supp.2d 1220 (D. Utah 2001). The Epps's federal question, however, is based upon RESPA, which merely

provides that the action "may be brought in the United States district court or in any other court of <u>competent</u> jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614 (emphasis added). Nationwide service of process is not authorized. Therefore, for this Court to be a court of competent jurisdiction under RESPA, this Court must have personal jurisdiction over SISCo, which this Court must determine by reference to the law of the State of Arkansas.

Arkansas has provided that its courts "shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code. Ann. § 16-4-101(B). Thus, the personal jurisdiction analysis comprises a two-part examination of whether SISCo has "minimum contacts" with the State of Arkansas, and, if so, whether this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *Williams Mach. & Fab., Inc. v. McKnight Plywood*, 64 Ark. App. 287, 983 S.W.2d 453 (1998).

To establish minimum contacts necessary to justify "specific" jurisdiction over SISCo, the Epps's first must show that their claims arise out of or relate to SISCo's contacts with Arkansas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Plaintiffs must also show that SISCo "purposefully availed" itself of the privilege of doing business in Arkansas and that it could foresee being "haled into court" there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). In this case, SISCo is incorporated in Delaware (Ex. A, ¶ 3), and SISCo, contrary to the Epps's allegation in paragraph 11 of their complaint, is not authorized to do business in the State of Arkansas. Ex. A, ¶ 5. SISCo maintains one office, and it is located in Houston, Texas. Ex. A, ¶ 4. SISCo has no places of business, mailing addresses, bank accounts or telephone listings in Arkansas. Ex. A, ¶ 7. SISCo does not own, use or possess real or personal property in Arkansas. Ex. A, ¶ 7. SISCo does not pay taxes in Arkansas.

Ex. A, ¶ 6. SISCo has not contracted to supply goods and services in this state or marketed, sold, or distributed goods or services in Arkansas. Ex. A, ¶ 7. As the facts alleged in the complaint and drawn from SISCo's Affidavits make clear, SISCo simply does not have minimum contacts with Arkansas.

Thus, no factors bearing on the reasonableness of personal jurisdiction over SISCo favor its exercise.

For the foregoing reasons, the complaint against SISCo should be dismissed for lack of personal jurisdiction. Even if, however, this Court concludes due process is not violated by its exercise of personal jurisdiction over SISCo, this Court must nevertheless dismiss the Epps's complaint because it fails to state a claim against SISCo upon which this Court can grant relief under RESPA.

## Procedure and Burden of Proof on SISCo's 12(b)(6) Motion

In ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). Although this Court must view the Epps's complaint in the light most favorable to them, this Court must nevertheless dismiss their complaint if even then it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The Epps's complaint must allege a set of facts in support of their claim that would entitle them to relief. (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).) This same standard applies in complaints alleging RESPA violations. (*Johnstone v. Bank of America, N.A.*, 173 F. Supp.2d 809 (N.D. Ill. 2001)).

## The Epps's failed to allege a theory of liability reaching SISCo

The Epps's complaint must allege facts that establish on the face of the complaint a theory of liability under RESPA that, if true, would give rise to liability for SISCo. *Wilson v. Civil Town of*

*Clayton*, 839 F.2d 375, 378 (7th Cir. 1988). The Epps's make sweeping allegations in their complaint that center around a company they call Stewart Title of Arkansas, Inc. and its activities in the Pulaski County, Arkansas real estate market. The Epps's allege that "Stewart Title of Arkansas, Inc." is a subsidiary of SISCo, but allege no facts to show any theory of liability that would attribute any actions or inactions of that company to SISCo. Instead, the Epps's merely allege that the Epps's represent a class of persons who purchased settlement services from SISCo "or one of its subsidiaries," which the Epps's define collectively as "Stewart." See Epps Compl. ¶ 1. The Epps's allege no further facts tying any liability of "one of its subsidiaries" to SISCo. Instead the Epps's defined term "Stewart" simply concludes that SISCo would be liable for the actions or inactions of "one of its subsidiaries." "Merely stating conclusions does not make the allegations sufficient" to withstand a motion to dismiss. *Bright v. Roadway Services, Inc.*, 846 F. Supp. 693 (N.D. Ill. 1994). The Court should not "strain to find inferences favorable to the plaintiff which are not contained in the complaint." *Id.*

While the Court may allow the Epps's the reasonable inferences from the facts pleaded in their complaint, the Court should not "repair or otherwise correct any party's poorly pleaded claim(s) for relief." *Northern Trust Co. v. Peters*, 69 F.3d 123, n.2 (7th Cir. 1995). The Epps's failed to allege any facts to obligate SISCo under Arkansas law because of the actions or inactions of SISCo's alleged subsidiary, "Stewart Title of Arkansas, Inc."

Under Arkansas law, the doctrine of "piercing the corporate veil" or disregarding the corporate form must be applied with great caution. *Thomsen Family Trust, 1990 v. Peterson Family Enterprises, Inc.*, 66 Ark. App. 294, 989 S.W.2d 934 (1999). The doctrine of regarding a corporation as the alter ego of its shareholders in Arkansas varies from case-to-case, but generally is applied when the corporate form has been illegally abused to the injury of a third party. *See, Enviroclean, Inc. v. Arkansas Pollution Control & Ecology Comm'n*, 314 Ark. 98, 858 S.W.2d 116 (1993). The Epps's

make a bald allegation that SISCo owns a subsidiary called "Stewart Title of Arkansas, Inc." and jump to the legal conclusion that somehow SISCo, assuming it did own such a subsidiary, would be liable for the actions or inactions of that subsidiary with regard to that subsidiaries alleged violations of RESPA. The Epps's fail to allege any illegal abuse of the alleged subsidiary's corporate form to give rise to a piercing of the corporate veil under Arkansas law. Such "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Campbell v. San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

For the foregoing reasons, even if this Court decides that its exercise of personal jurisdiction over SISCo is reasonable, the complaint against SISCo should be dismissed because the Epps's have failed to allege facts on which relief may be granted against SISCo.

Respectfully submitted,

GILL ELROD RAGON OWEN & SHERMAN, P.A.
425 West Capitol Ave., Suite 3801
Little Rock, AR 72201
(501) 376-3800

BY: _____
MARIE-B. MILLER ABA No. 84107

**CERTIFICATE OF SERVICE**

I, hereby, certify that a copy of the foregoing was served by first class mail, postage prepaid, on the following attorney(s) of record on this 4th day of February 2002:

Steven E. Cauley
Curtis L. Bowman
Randall K. Pulliam
Post Office Box
Little Rock, Arkansas 72203-5438

_____
Marie-B. Miller