

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR - 2 2002

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

WILLIAM A. EPPS, et al                                PLAINTIFFS

V.                          4:01CV00764JMM

STEWART INFORMATION
SERVICES CORP.                                         DEFENDANT

## ORDER GRANTING MOTION TO DISMISS

Pending is Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and for failure to allege facts for which relief can be granted under Rule 12(b)(6). Plaintiffs and Defendant have thoroughly briefed the issues for the Court. After review of the law, the Court finds that the Plaintiff has failed to sustain its burden of proof under Rule 12(b)(2). Based upon the information provided (or the lack thereof), the Court does not have personal jurisdiction over the Defendant.

### Standard under Rule 12(b)(2)

While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. This is the same standard as the one we apply on motions for summary judgment under Rule 56.

*Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). The Court must look at the facts relevant to the issue of jurisdiction in the light most favorable to the non-movant, give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.



The determination as to whether a court has personal jurisdiction over a non-resident defendant involves a two-step analysis. First, the applicable state long-arm statute must be satisfied. Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment. The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Burlington Ind., Inc. v. Maples Ind., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

> Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice. There are three primary factors which are to be considered: (1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the contacts. In addition to those considerations, there are two secondary factors as well: the interest of the forum state in the litigation and the convenience or inconvenience of the parties.

*Id.*

## Discussion of the Facts

In the instant case, Defendant Stewart Information Services Corp. ("Sisco") is a Delaware corporation. Its principal place of business is in Houston, Texas and it is not authorized by the Arkansas Secretary of State to do business in the State of Arkansas. According to the Defendant, Sisco has no place of business, mailing addresses, bank accounts or personal property in Arkansas. It does not own, use or possess any real property in Arkansas. However, Sisco owns many subsidiaries, one of which is Stewart Title and Guaranty Company ("Stewart Guaranty"). Stewart Guaranty own a subsidiary, Stewart Title Company of Arkansas, Inc., which is an Arkansas corporation. In Sisco's 10-K filed with the Securities Exchange Commission, Sisco lists the assets and liabilities of Stewart Guaranty as its own.

Plaintiffs attempt to tie the Defendant to Stewart Title of Arkansas through Stewart Guaranty and this 10-K. They cite to several statements made in the 10-K about Sisco's "5300 issuing locations ... in all 50 states." However, Plaintiffs never link Sisco specifically to Arkansas. Even assuming the Court considers Sisco as one with Stewart Guaranty, Plaintiffs fail to provide the Court with any evidence of the significant links of Stewart Guaranty and Stewart Title of Arkansas. Superfluous language in an SEC filing, while informative, is not sufficient in this case to make a prima facie showing of personal jurisdiction. It does not provide any evidence of the nature, quantity, or quality of the contacts between Sisco or Stewart Guaranty and the State of Arkansas.

It is true that other district courts have found such significant interdepence between parent and subsidiary companies that the courts possessed personal jurisdiction over an out-of-state parent corporation by virtue of the actions of its subsidiaries. These courts relied heavily on consolidated financial statements, consolidated tax returns, parental control of decisions and

policies, and agency considerations between the parent and the subsidiary. *See e.g., Hunter-Keith, Inc. v. General Electric Credit Corp.,* 1987 WL 8592 (D. Minn. 1987)(financial dependence); *Stith v. Manor Baking Co.,* 418 F. Supp. 150 (W.D. Mo. 1976)(parent's substantial supervision and control of subsidiary's employees); *Fisher v. First National Bank of Omaha,* 338 F. Supp. 525 (S.D. Ia. 1972)(subsidiary a mere agent of parent). Although the 10-K alludes to some of these details between Sisco and Stewart Guaranty, there is no such information with regard to Stewart Title Company of Arkansas or any other company with minimum contacts to Arkansas.

For these reasons, the Court finds that Defendant Sisco does not have minimum contacts with the State of Arkansas and, therefore, this Court does not have personal jurisdiction over the Defendant. Defendant's motion to dismiss (Docket # 6) is granted. Plaintiff's motion for class certification (Docket # 11) is moot. Defendant's motion to stay (Docket # 14) is also moot. The Complaint is dismissed without prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 1st day of April, 2002.

James M. Moody
United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 4/2/02 BY

ti

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

April 2, 2002

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:01-cv-00764.

True and correct copies of the attached were mailed by the clerk to the following:   press, file, post

    Steven Eugene Cauley, Esq.
    Cauley Geller Bowman & Coates, LLP
    Post Office Box 25438
    Little Rock, AR   72221-5438

    Curtis L. Bowman, Esq.
    Cauley Geller Bowman & Coates, LLP
    Post Office Box 25438
    Little Rock, AR   72221-5438

    Randall Keith Pulliam, Esq.
    Cauley Geller Bowman & Coates, LLP
    Post Office Box 25438
    Little Rock, AR   72221-5438

    Marie Bernarde Miller, Esq.
    Gill Elrod Ragon Owen & Sherman, P.A.
    TCBY Tower
    425 West Capitol Avenue
    Suite 3801
    Little Rock, AR   72201-2413

James W. McCormack, Clerk

Date: 4/2/02        BY: T Jones